126 February 11, 2026 No. 97

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of E. G.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

G. G.,
*Appellant.*

Union County Circuit Court
23JU01726; A188496

Thomas B. Powers, Judge.

Submitted January 22, 2026.

Aron Perez-Selsky filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Interim Solicitor General, and Jona J. Maukonen, Assistant Attorney-In-Charge, filed the brief for respondent.

Before Lagesen, Chief Judge, Kamins, Judge, and Armstrong, Senior Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

In this juvenile dependency case, mother appeals a judgment changing the permanency plan for her child, E, from reunification to adoption. E was almost 3 years old at the time of the permanency hearing; E had been in substitute care since she was approximately 7 months old. Mother raises a single assignment of error, challenging the juvenile court's ruling that the Oregon Department of Human Services (ODHS) made reasonable efforts to reunify mother with E. She contends that ODHS's efforts were not reasonable because, in her view, her visitation with E should have been more extensive and should have included an in-person placement with mother while mother was in a residential treatment facility. In response, ODHS asserts that mother failed to preserve her contentions regarding visitation and that, in all events, ODHS's efforts to provide visitation were reasonable under the circumstances of this case. We affirm.

For purposes of this appeal, we treat mother's visitation-based challenge to the reasonableness of ODHS's efforts as preserved because doing so does not ultimately affect our disposition of the appeal. Mother argued below that "[s]he has repeatedly requested either for her child to visit—to be with her down in treatment, which is in Eugene, Oregon, or at least come down and visit" but had not "been given that opportunity." Although mother did not contend specifically that that alleged deficiency rendered ODHS's efforts unreasonable as a matter of law, she at least arguably called into question the reasonableness of ODHS's efforts with respect to visitation. For that reason, we turn to the merits of mother's assignment of error.

Mother has not requested that we review *de novo*, and we decline to exercise our discretion to do so.[1] We are therefore bound by the juvenile court's express and implied factual findings as to what efforts ODHS made, so long

---

[1] *See* ORS 19.415(3)(b) ("Upon an appeal in an equitable action or proceeding other than an appeal from a judgment in a proceeding for the termination of parental rights, the Court of Appeals, acting in its sole discretion, may try the cause anew upon the record or make one or more factual findings anew upon the record."); ORAP 5.40(8)(c) (providing for the exercise of that discretion only in "exceptional cases"); ORAP 5.40(8)(d) (identifying nonexclusive considerations that may be relevant to our decision whether to exercise *de novo* review).

as there is evidence in the record to support them. *Dept. of Human Services v. C. H.*, 373 Or 26, 48-49, 559 P3d 395 (2024). Whether those efforts qualify as "reasonable" for purposes of ORS 419B.476(2)(a) is a legal conclusion that we review for errors of law. *Id.* at 48-49. In determining whether ODHS's efforts were reasonable, we "take into account what is appropriate under the circumstances of the case " and evaluate ODHS's efforts "in light of the bases for [dependency] jurisdiction identified in the juvenile court's judgment." *C. H.*, 373 Or at 49-50. Reunification efforts are reasonable when, under the totality of the circumstances, they "give parents a full and fair opportunity to remediate the bases for jurisdiction to become at least minimally adequate parents." *Id.*

Having reviewed the record, we conclude that the juvenile court did not err in determining that ODHS made reasonable efforts to reunify mother with E. The record reflects that ODHS was actively engaged with mother over the life of the case to assist her in obtaining services she needed to ameliorate the jurisdictional bases. In general, mother does not dispute this point on appeal. Instead, as noted, her only argument is that ODHS acted unreasonably by not providing more visitation than it did and by not placing E with mother when she was in in-patient treatment in Eugene. Although it is true that ODHS did not provide visitation in the manner requested by mother while mother was in in-patient treatment in Eugene, while E was in substitute care, ODHS ensured that visitation was regular—generally, twice weekly when mother was available and engaged; provided in-person visits when geographically feasible; and provided virtual visits when mother was geographically distant from E, as well as offering mother gas vouchers to travel to see E. Under the circumstances, including mother's sometimes unpredictable engagement with visitation and the effect visitation could have on E, those efforts to support visitation were reasonable in scope and form.

Affirmed.